IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RANDY GRAHAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 19-cv-1056-SMY |
| | ) |
| ERIC WILLIAMS (WARDEN), | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Randy Graham filed this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. Specifically, Graham argues that following *United States v. Davis*, 139 S. Ct. 2319 (2019), his conviction and sentence for carrying a semiautomatic weapon in furtherance of a crime of violence should be vacated. Respondent moves to dismiss the Petition on the basis that *Davis* is a constitutional case, not one of statutory interpretation, and thus, Graham cannot meet the criteria to bring his claim under § 2241. (Doc. 18). For the following reasons, Respondent's motion is **GRANTED**.

### Background

Graham was convicted by a jury of carrying a firearm in furtherance of a crime of violence and drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(B) and 924(c)(1)(A). *United States v. Graham*, Case No. 98-cr-54-PLM (W.D. Mich.) (Doc. 384). He was sentenced to 240 months' imprisonment on the § 924(c) Count involving the crime of violence because it involved a semiautomatic weapon, and 60 months' imprisonment on the § 924(c) Count involving the drug trafficking crime, both to run consecutively to the sentences imposed on the other Counts in the Superseding Indictment and to each other. (Doc. 390).

The Sixth Circuit Court of Appeals considered Graham's case twice on direct appeal, *United States v. Graham*, 275 F.3d 490, 500 (6th Cir. 2001), and *United States v. Graham*, 327 F.3d 460 (6th Cir. 2003). He filed an unsuccessful habeas petition under 28 U.S.C. § 2255 in April 2004 alleging ineffective assistance of counsel (Doc. 384). He was denied leave to file successive § 2255 motions in December 2014 and September 2016. (Docs. 482 and 485).

## Discussion

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be utilized to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Therefore, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003).

Under very limited circumstances, a prisoner may challenge his federal conviction or sentence under § 2241. Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); s*ee United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Under § 2241, a petitioner must demonstrate the inability of a § 2255 motion to cure the defect in the conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015). "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998).

Following *Davenport*, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so as to trigger the savings clause: (1) The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of

constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion); (2) The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and (3) A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice." *Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016); *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)).

Here, Graham's Petition fails to satisfy the first *Davenport* condition. He relies on *Davis*, which held that the residual clause in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Because *Davis* is a case of constitutional interpretation, a claim based on that decision could be raised in a successive § 2255 motion if permission is timely sought and obtained. Graham's claim, however, cannot be pursued in a § 2241 petition under the "savings clause."

Accordingly, Respondent's Motion to Dismiss the Petition for Relief Pursuant to 28 U.S.C. § 2241 (Doc. 18) is **GRANTED**. Graham's Petition for habeas relief under 28 U.S.C. § 2241 (Doc. 1) is **DENIED** and this case is **DISMISSED without prejudice** to Petitioner pursuing his claim pursuant to 28 U.S.C. § 2255 in the proper court. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: June 17, 2021**

**STACI M. YANDLE**
**United States District Judge**